**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven Matthew LAMERE,**
**Defendant–Appellant.**

**No. 03–30479.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2004.\*

Decided July 30, 2004.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: B. FLETCHER, HAMILTON,\*\* and BERZON, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

**4**

### MEMORANDUM ***

Steven LaMere (LaMere) appeals from his conviction and the restitution portion of his sentence on one count of burglary by an Indian person in Indian country. 18 U.S.C. § 1153; Mont.Code Ann. § 45–6–204(1). We affirm LaMere's conviction, vacate the restitution portion of his sentence, and remand the case to the district court for further proceedings consistent with this disposition. However, in response to LaMere's post-briefing motion for permission to submit supplemental briefing on issues presented by the Supreme Court's June 24, 2004, decision in *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), we hold the mandate in abeyance until further notice, so as to await resolution by this court or the United States Supreme Court of the impact of *Blakely* on the United States Sentencing Guidelines.

■■■■ In response to LaMere's challenge to the sufficiency of the evidence to support his conviction, we hold LaMere is entitled to no relief. Viewing the evidence in the light most favorable to the government, the jury could have found the essential elements of burglary by an Indian person in Indian country beyond a reasonable doubt. *United States v. Lynch,* 367 F.3d 1148, 1161 (9th Cir.2004) ("There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Moreover, the district court did not err in failing *sua sponte* to prohibit the government from using, during its direct and redirect examinations of Richard Morsette (Morsette), Morsette's June 19, 2002 and "Twenty-eighth 2002" statements to impeach Morsette's contrary testimony on the stand. Fed.R.Evid. 613(a). Next, as-

suming *arguendo* the district court erred in refusing, without objection by LaMere, to permit LaMere to conduct recross examination of Morsette regarding Morsette's "Twenty-eighth 2002" statement, such assumed error does not entitle LaMere to any relief under the applicable plain error standard of review. Fed.R.Crim.P. 52(b); *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The assumed error did not affect LaMere's substantial rights, because the testimony the government elicited from Morsette on redirect in connection with its impeachment-use of his "Twenty-eighth 2002" statement was cumulative of testimony the government already had elicited from Morsette on direct.

■■■ Finally, we agree with LaMere and the government that the restitution portion of LaMere's sentence should be vacated and remanded for the limited purpose of recalculating the amount of restitution without regard to the amount of loss suffered by Arleata St. Marks, the victim in this case, in a separate burglary for which LaMere does not stand convicted. 18 U.S.C. § 3663; *United States v. Najjor,* 255 F.3d 979, 984 (9th Cir.2001) (district court may order restitution "only for the loss caused by the specific conduct that is the basis of the offense of conviction") (internal quotation marks omitted).

In conclusion, we affirm LaMere's conviction, but vacate the restitution portion of LaMere's sentence and remand for further proceedings consistent with this opinion.

Nevertheless, as previously stated, we hold the mandate in abeyance until further notice, so as to await resolution by this court or the United States Supreme Court of the impact of *Blakely* on the United States Sentencing Guidelines.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED, **BUT MANDATE WITHHELD.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.